ENTERED

DEC 2 6 2018

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN RE PETITION FOR A GENERAL ORDER HOLDING CIVIL MATTERS IN ABEYANCE IN WHICH THE UNITED STATES IS A PARTY DUE TO LAPSE OF CONGRESSIONAL APPROPRIATIONS FUNDING THE DEPARTMENT OF JUSTICE AND THE UNITED STATES ATTORNEY'S OFFICE,

Misc. No.  2:18-mc-00196

## GENERAL ORDER HOLDING CIVIL MATTERS IN ABEYANCE

This matter is before the Court due to the lapse of congressional appropriations funding the federal government, including the Department of Justice and the United States Attorney's Office. Absent an appropriation, the United States represents that certain Department of Justice attorneys and employees of the federal government are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. Therefore, the lapse in appropriations requires a reduction in the workforce of the United States Attorney's Office and other federal agencies, particularly with respect to prosecution and defense of civil cases. The Court, in response, and with the intent to avoid any default or prejudice to the United States of other civil litigants occasioned by the lapse in funding, sua sponte enters this General Order.

As a result of the cited workforce reductions, IT IS HEREBY ORDERED that all civil litigation involving as a party the United States of America, its agencies, its officers or employees (whether in their individual or official capacity and whether current or former employees), and/or any other party represented by the Department of Justice or the United States Attorney's Office will be immediately suspended, postponed and held in abeyance for a period of fourteen (14) days from the date of the entry of this General Order. The Court may renew or modify this General

Order depending on developments in the stay period. The Court intends "civil litigation" to include all non-criminal cases in which the United States, its agencies, its officers or employees (whether in their individual or official capacity and whether current or former employees) is in any way a named party and any non-criminal cases in which the United States Attorney's Office or the Department of Justice is counsel of record. This includes without limitation, all pending Social Security cases and all cases seeking monetary or equitable relief in which the United States is involved as a civil litigant. The General Order does not affect habeas corpus cases pending or filed under Chapter 153 of Title 28.

This General Order suspends and continues, during the stay, any and all events and deadlines in the affected civil litigation (whether established by order, rule, or agreement), including but not limited to any scheduled proceedings, hearings, and/or discovery and pleading dates. No party will be required to take any steps in civil litigation affected until expiration of the stay. The Court warns litigants that this General Order does not purport to affect rights to or deadlines concerning appeal from any decision of this Court, which will continue to operate and issue orders in the normal course.

Any litigant affected by this General Order may seek relief from the order by motion. The Court may, in any particular case, vary the effect or operation of this General Order by a separate ruling.

The Court shall distribute this General Order 1) by electronic service to all registered CM/ECF users; and 2) by posting the General Order on the Court's public website.

The Court shall clarify the status of case schedules upon expiration of the stay and dependent on the timing of the funding resolution.

ENTERED: This 26th day of December, 2018.

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA